Bullard, J.
The defendant is appellant from a judgment perpetuating an injunction obtained by the heirs of Blackman,-to stay proceedings on an order of seizure and sale,- sued out by the defendant against their land fronting on the Mississippi, in pursuance of an adjudication by the Overseer of Road¿ and Levees,- for making a levée on the same, according to law, and the regulations of the parish. The injunction was made perpetual because, in the opinion of the Parish Judge, the notice was not legally given, and the works were not made according to law ; hut Michel’s claim was allowed for about $100, for labor done by his slaves on the requisition of the proprietor. As this part of the judgment is not complained of, we confine our attention to the question, whether there has been such a compliance with the law and the police regulations relative to the letting out of the making of levées to the lowest bidder, as justified the resort to a summary proceeding in rem.
The police regulations as shown in the record, (section 19,) require, that notice in writing shall he given of the works and repairs to be made on the road, bridges, ditches and levées^ personally, or at their domicil, to resident proprietors, and by publi *594 cation in the Baton Rouge Gazette to non-residents. It is shown •that the plaintiff is a resident within the parish of West Baton Rouge, and no personal notice is shown.
But it was contended on the trial below, that the certificate of the inspector is conclusive as to the notice given, and was not to be contradicted by parol evidence, so long as it was not annulled by a direct action. But the court ruled otherwise, and a bill of exceptions was taken. We think the court did not err. The law does not make the certificate of the inspector, made long after the adjudication, full and conclusive evidence against the proprietor, that the notices required by law had been previously given. In this case it is shown that, although the residence of the tutor of the minor heirs was within the parish, no notice was given, other than through the Baton Rouge Gazette, published in another parish^

Judgment affirmed.